950 F.2d 731
 NOTICE: Federal Circuit Local Rule 47.8(b) states that opinions and orders which are designated as not citable as precedent shall not be employed or cited as precedent. This does not preclude assertion of issues of claim preclusion, issue preclusion, judicial estoppel, law of the case or the like based on a decision of the Court rendered in a nonprecedential opinion or order.
Everett D. JONES, Petitioner,
v.
DEPARTMENT OF THE NAVY, Respondent.
 No. 91-3423.
 United States Court of Appeals, Federal Circuit.
 Nov. 14, 1991.
 
 Before PLAGER, Circuit Judge, SKELTON, Senior Circuit Judge, and LOURIE, Circuit Judge.
 DECISION
 PER CURIAM.
 
 
 1
 Everett D. Jones seeks review of the May 21, 1991, Opinion and Order of the Merit Systems Protection Board (Board), No. SF07528910063-1, which sustained an arbitrator's decision of September 28, 1988, affirming the Department of the Navy's decision to remove Jones for unauthorized absences from his position as a welder at the Mare Island Naval Shipyard. We affirm.
 
 DISCUSSION
 
 2
 We review the Board's decision under a narrow standard, affirming the judgment unless it is arbitrary, capricious, an abuse of discretion, procedurally defective, or unsupported by substantial evidence. 5 U.S.C. § 7703(c) (1988). Jones asserts that the arbitrator failed to consider "valid and qualified documentation" in his decision, apparently referring to documentation relating to his medical condition. The arbitrator found that while Jones did present various medical documents to prove his absences were due to illnesses, these documents did not account for all of Jones' absences. Jones had the opportunity to present additional evidence to the Board, but failed to do so. The arbitrator also found that Jones had used all his available sick leave and was granted additional leave without pay prior to this dispute. The record indicates that Jones was disciplined on numerous occasions for unauthorized absences.
 
 
 3
 We determine that the record contains substantial evidence to support the arbitrator's and Board's decisions that Jones incurred numerous unauthorized absences from work. Additionally, Jones had the burden of proving any affirmative defenses of handicap discrimination or retaliation by a preponderance of the evidence, see 5 C.F.R. § 1201.56, and failed to do so. Moreover, Jones waived any claim of handicap discrimination before this court when he filed his statement concerning discrimination on July 8, 1991.